THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WARDELL SNYDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-19-1023-R |
| | ) | |
| UNIT CORPORATION, a/k/a and | ) | |
| d/b/a UNIT DRILLING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Dismiss filed by Defendant Unit Corporation. (Doc. No. 11) Plaintiff responded in opposition to the motion and Defendant filed a reply in support of its position. (Doc. Nos. 12 and 14). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff filed this action in the District Court of Canadian County, Oklahoma asserting federal claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, as well as a state law claim for the alleged violation of public policy under *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989), all stemming from alleged racial discrimination that occurred during his employment. He contends he was subjected to racial harassment by a co-worker and that shortly after he complained about the discrimination he was terminated. Plaintiff asserts that when he was terminated Defendant stated his position was eliminated in a reduction in force, but in reality, Defendant eliminated a single position, his, and it was

refilled shortly after Plaintiff's termination. Plaintiff identifies his former employer as Unit Corporation, a/k/a and d/b/a Unit Drilling Company.[1]

Defendant seeks dismissal of Plaintiff's Title VII claim, arguing that Plaintiff failed to exhaust his administrative remedies because he did not name Unit Corporation in his EEOC charge, rather, he identified Unit Drilling Company as his employer. (Doc. No. 11-1). Failure to exhaust is an affirmative defense, which the Court may consider on a Motion to Dismiss when the grounds for this defense appear on the face of the complaint. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185-86 (10th Cir. 2018); *Cirocco v. McMahan*, 768 F. App'x 854, 858 (10th Cir. 2019).

A district court may properly dismiss a claim on the pleadings based on an affirmative defense, "but … only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing cases). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense— may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.* (*quoting Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). Additionally, "[a] plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant; it is the defendant's burden to plead an affirmative defense." *Id.*

---

[1] In response to the Motion to Dismiss, Plaintiff, at certain places in his brief, refers to "Defendants" while at other times referencing a single "Defendant.". There is but one Defendant at this time, Unit Corporation.

Plaintiff's Complaint alleges that he exhausted his claims by filing a charge with the EEOC. Generally, the sufficiency of a complaint must rest on its contents alone. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). There are limited exceptions to this general principle, and the Court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Defendant submitted a copy of Plaintiff's EEOC Charge of Discrimination, which the Court could consider because it was referenced in the Petition. The Court finds, however, that because the failure to name a party in an EEOC Charge is not inherently fatal to Plaintiff's claims, and because resolution of the issue would require the Court to consider the evidence Plaintiff submits in response to the motion, that the issue cannot be resolved on a Motion to Dismiss.

Generally, under Title VII a plaintiff may bring a civil action only after administrative remedies have been exhausted and only against the respondent named in the claimant's EEOC Charge. *Thymes v. Verizon Wireless, Inc.*, 2016 WL 9777222, at * 2 (D.N.M. Sept. 28, 2016) (unpublished) (citing *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). The Tenth Circuit has recognized certain "narrow exceptions" to the requirement that each defendant be specifically named in an EEOC charge: (1) "where the defendant was informally referred to in the body of the charge;" or (2) "where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an

opportunity to attempt conciliation." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). Having reviewed the EEOC charge, it is apparent that Plaintiff did not informally reference Unit Corporation therein and thus cannot rely on the first exception. In response to the motion to dismiss, Plaintiff submits numerous documents, perhaps in an effort to convince the Court that he can establish the second *Romero* exception.[2] Those documents, however, are not subject to consideration in the context of a motion to dismiss under Rule 12(b)(6).[3] .

---

[2] Plaintiff's responsive argument is less than cogent. He argues:

> Please note that the style of the case is Unit Corporation a/k/a and d/b/a/Unit Drilling Company. Also note that on or about November 7, 2019, attorneys Kirk Turner and Jacob Crawford filed their Entries of Appearance (Doc 2) and (Doc 3) on the behalf of the Defendants on the behalf of **Unit Corporation.**
>
> A small sample of the documents noting the employer as **Unit Corporation** are attached. They include forms sent to the Equal Employment Opportunity Commission ("EEOC") regardless of the location being reported. The Notice of Charge of Discrimination was sent to **Unit Corporation**. The benefits summaries are from **Unit Corporation**. The Beneficiary Designation goes to the employer **Unit Corporation**. The Direct Deposit Authorization, authorizes **Unit Corporation**. The New Hire form is for **Unit Corporation**. When acknowledging receipt of various Policies and Procedures **Unit Corporation** is noted and on others it merely states Unit or the company. The application for Employment is for **Unit Corporation**. And again, the counsel that is making the arguments that Unit Corporation has not been used, entered their appear (sic) on the behalf of **Unit Corporation**.

(Doc. No. 12, pp. 1-2) (emphasis in original).

[3] Four factors are pertinent to determining whether the omission of a defendant's name in a charge requires dismissal of a Title VII claim:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romero,* 615 F.2d at 1312 (10th Cir. 1980) (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir. 1977)).

The Court finds that, despite Plaintiff's unintelligible response, this issue is best reserved for a preliminary motion for summary judgment, properly supported by both arguments and evidence. When presented with a Rule 12(b)(6) motion, the district court has broad discretion in determining whether to accept materials beyond the pleadings. *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (1990)). Therefore, the Court declines Defendant's request to dismiss it from Plaintiff's Title VII claim on the basis of the affirmative defense of lack of exhaustion. Defendant may file a preliminary motion for summary judgment without prejudice to filing a second motion for summary judgment addressing the merits of Plaintiff's Title VII claim in the event the Court finds that it is a proper Defendant.

To the extent Plaintiff seeks to recover under *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989), for the alleged violation of Oklahoma public policy, such a claim is no longer viable.[4] Rather, the Oklahoma Anti-Discrimination Act provides exclusive remedies under Oklahoma law for individuals alleging racial discrimination in employment. *See* Okla. Stat. tit. 25, § 1350(A) ("A cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished."); *id.* § 1101(A) (noting the OADA "provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of race, color, national origin, sex,

---

[4] Plaintiff did not respond to Defendant's argument that he could not pursue a *Burk* claim.

religion, creed, age, disability or genetic information."). Accordingly, the Motion to Dismiss is granted as to Plaintiff's *Burk* claim.

Finally, Defendant further contends that Plaintiff has failed to sufficiently allege facts to support a 42 U.S.C. § 1981 claim, which prohibits intentional race discrimination in the making and enforcement of contracts with both public and private actors. 42 U.S.C. § 1981. The statute's protection extends to the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* at 1981(b). Only intentional discrimination may violate section 1981. *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

"The same substantive standards apply" under Title VII and Section 1981. *Lounds v. Lincare, Inc.,* 812 F.3d 1208, 1221 (10th Cir. 2015). Ultimately, to prevail on a § 1981 discrimination claim Mr. Snyder will be required to prove that (1) "[he] is a member of a protected group; (2) [he] was subject to unwelcome harassment; (3) the harassment was based on race; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Id*. at 1222 (quoting *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007)). Defendant does not challenge whether Plaintiff has sufficiently alleged any of the above elements, but rather argues that Plaintiff has failed to sufficiently allege that it was his employer. Accepting the allegations in the Petition as true, which the Court must at this stage, Plaintiff alleges that Unit Corporation was his employer. Ultimately this

may prove untrue; however, at this juncture his allegations are sufficient to state a § 1981 claim.

For the reasons set forth herein, Defendant's Motion to Dismiss is granted as to Plaintiff's *Burk* claim and denied as to Plaintiff's Title VII and 42 U.S.C. § 1981 claims as detailed herein.

**IT IS SO ORDERED** this 30th day of April 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE